Hillsborough,
No. 5500.

SHELDON ELLIOTT

*v.*

CLYDE GARFIELD OLDSMOBILE-CADILLAC, INC.

Submitted June 8, 1966.
Decided August 31, 1966.

*Jerome L. Silverstein* for the plaintiff, filed no brief.

*Sullivan, Gregg & Horton* for the defendant.

WHEELER, J. This is an action in contract wherein the plaintiff seeks to recover commissions on sales of automobiles from the defendant. Trial by the Court resulted in a verdict for the plaintiff.

During the trial the defendant took certain exceptions to the exclusion and admission of evidence, to the denial of its motions for a nonsuit and to set aside the verdict at the conclusion of the trial. The questions of law raised by the evidence and the rulings of the Court were reserved and transferred by *Grimes, J.*

The basic facts are simple and are not in serious dispute. The plaintiff was employed by the defendant as an automobile sales-man from August 1964 to April 1965. He was to be paid a salary of $40 per week plus a commission of four per cent on the sale of a used car; $75 for the sale of a Cadillac and $35 for an Oldsmobile.

Sometime after the plaintiff terminated his employment with the defendant, two Cadillac cars for which he had taken orders

were delivered. The only issue before us is the defendant's contention that the plaintiff is not entitled to a commission on cars delivered after he left its employ.

The defendant offered evidence that it was a custom in the automobile sales business that a salesman would be paid his commission only on delivery of the vehicle and that if he had left his employment before delivery he would not be entitled to a commission. Further the defendant contends that when plaintiff severed his employment he was given a check for $22.15 on which was typed "Payment in full and final."

In answer to the first contention the plaintiff testified that he had an agreement that he would receive a salary plus commission on the sale of cars. He denied that there was an agreement that he would not receive a commission on cars which he had sold during his employment but which were not delivered until after he left his employment. Furthermore the defendant's sales manager testified that the plaintiff, on his first job as an automobile salesman, was not told of the alleged custom until after he severed his employment with the defendant.

In this state of the evidence the Court could find that the plaintiff was entitled to a commission on cars delivered after the termination of his employment. It was a question of fact for the Trial Court to determine whether the check for $22.15 was accepted in full payment for salary due at the time or for all obligations then due or thereafter to become due including commissions on cars later delivered. *Corey Steeplejacks Co.* v. *Cray*, 106 N. H. 126; *Kramas* v. *Beattie*, 107 N. H. 321.

*Judgment on the verdict.*

All concurred.